IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

MANFREDITO LAGUER ROMAN

   Debtors

CASE NO.  14-03686

CHAPTER  13

MANFREDITO LAGUER ROMAN

   Plaintiff(s)

Vs.

CITIMORTGAGE, INC.

   Defendant

ADV. PROC. 14-0255

OPINION AND ORDER

This adversary proceeding is presently before the court upon the parties' response to this court's order of June 10, 2015 directing the parties to address the applicability of the Supreme Court's recent decision in Bank of America, N.A. v. Caulkett, 135 S.Ct. 1995 (June 1, 2015) to a chapter 13 case.  The parties have each filed their respective legal memorandum on the issue. After considering the same, the court concludes that the Caulkett decision applies only to chapter 7 cases and does not apply to chapter 13 cases.  However, the court's conclusion regarding the applicability of Caulkett is not dispositive of the pending cross motions for summary judgment, which will be considered in a separate opinion and order.

After considering the parties' arguments, the court concludes that the decision in Bank of America, N.A. v. Caulkett, 135 S. Ct. 1995 (June 1, 2015), is limited to Chapter 7 bankruptcy proceedings, that is, a debtor in a Chapter 7 case may not "void a junior mortgage under § 506(d) when the debt owed on a senior mortgage exceeds the present value of the property."  In chapter 13 cases the stripping down of an under-secured lien is not allowed when the collateral

-1-

is debtor's residence. 11 U.S.C. §1322(b) (2).  However, the exception does not apply when the junior lienholder is totally unsecured. The court adopts the rationale of the following decisions in the chapter 13 context:  In re Boukatch, 533 B.R. 292 (9th Cir. BAP 2015); In re Ricci-Breen, 2015 WL 5156617 (Bkrtcy. S.D.N.Y.); In the matter of Osbourn, 2015 WL 5604442 (Bkrtcy. D. Neb.);  In re Grossman, 2015 WL 3932381 (Bkrtcy. D. Puerto Rico) (Tester, BJ). Notwithstanding, although a wholly unsecured junior mortgage lien over a debtor's principal residence is not protected by the antimodification statute [11 U.S.C. §1322(b) (2)], the debtor is not entitled to an order voiding the lien prior to completion of all payments under the plan. In re Cruz Rodriguez, 517 B.R. 404 (Bkrtcy. D. Puerto Rico 2015) (Lamoutte, BJ).  See also;  In the matter of Blendheim, 2015 WL 5730015 (C.A. 9, Wash).

SO ORDERED.

In San Juan, Puerto Rico, this 8th day of October, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge

-2-